UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF JAMES SINGH,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 22-cv-01532-JSC<br><br>**ORDER RE: MOTIONS TO DISMISS AND REMAND**<br><br>Re: Dkt. Nos. 12, 18 |

Plaintiff, the estate of James Singh, sued Wells Fargo Bank in Alameda County Superior Court related to a 2006 home loan and 2018 foreclosure. (*See* Dkt. No. 1.)[1] Defendant removed to federal court. Now pending are Defendant's unopposed motion to dismiss and Plaintiff's motion to remand. (Dkt. Nos. 12, 18.) Having carefully considered the parties' briefing, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the May 12, 2022 hearing, GRANTS Defendant's motion to dismiss, and DENIES Plaintiff's motion to remand.

**COMPLAINT ALLEGATIONS**

James Singh owned a property at 21 Pembroke Court in Oakland, California from 1982 until his death on May 15, 2021. (Dkt. No. 1 at 11 ¶ 2, 12 ¶ 4.) Plaintiff is Mr. Singh's estate, acting through estate executor Vikash Singh without representation by a lawyer. (*Id.* at 12 ¶ 3.) On January 20, 2006, James Singh signed an Adjustable Rate Mortgage Note agreement with World Savings Bank, FSB. (*Id.* at 13 ¶ 15.) The note was later transferred from World Savings

---

[1] Record citations are to material in the Electronic Case File ("ECF") in Case No. 22-cv-01532-JSC, unless otherwise noted; pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  Bank to Defendant. (*Id.*) The note required Defendant to give Mr. Singh written notice of the
2  amount claimed due and a date certain by which to pay it. (*Id.* at 13 ¶ 16.) The note also implied
3  a covenant of good faith and fair dealing that required Defendant to give Mr. Singh a reasonable
4  time to pay the amount claimed due. (*Id.* at 13 ¶ 16, 14 ¶ 20.) At a foreclosure sale on December
5  12, 2018, Defendant purportedly took ownership of the property. (*Id.* at 12 ¶ 5.) Plaintiff alleges
6  the foreclosure was invalid because Defendant violated the note's express requirements as well as
7  the covenant of good faith and fair dealing implied by the note. (*Id.* at 13–14 ¶¶ 15–16, 20–21.)
8  Plaintiff does not know of any current encumbrances on the property and estimates its value at
9  $975,000, exceeding the "alleged encumbrances of record and costs of sale in relation to the real
10 property." (*Id.* at 13 ¶¶ 10–11.)

Plaintiff brings claims for quiet title, breach of the secured promissory note, breach of the implied covenant of good faith and fair dealing, and declaratory relief indicating that it is the sole and complete owner of the property as of December 7, 2021.

## DISCUSSION

### I.  Motion to Remand

Plaintiff's motion to remand asserts that the Court lacks federal subject matter jurisdiction because the claims are based on California law and the parties are not diverse. Mr. Singh was a citizen of California because he lived in California, (*see* Dkt. No. 1 at 12 ¶ 4), from 1982 until his death in 2021. *See Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986). Plaintiff, his estate, is therefore also a citizen of California. *See* 28 U.S.C. § 1332(c)(2); *e.g.*, *Kocher v. Hilton Worldwide Holdings, Inc.*, No. 3:18-cv-00449-SB, 2018 WL 6735086, at *2 (D. Or. Nov. 9, 2018) (analyzing decedent's domicile at time of death to determine representative's citizenship); *Est. of Ruffu ex rel. Jensen Beach Marine Ctr., Inc. v. Collier*, No. 06–3531 (NLH), 2008 WL 801274, at *1 (D.N.J. Mar. 20, 2008) (noting that decedent's estate was a citizen of New Jersey because decedent had been a citizen of New Jersey).

Defendant is a "national banking association" not organized under the laws of any state. 28 U.S.C. § 1348. As such, it is a citizen "only in the state designated as its main office." *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 708 (9th Cir. 2014); *see id.* at 709 n.1 (noting that a

2

1  national bank must "designate the place where its operations of discount and deposit are to be
2  carried on, which serves as the bank's main office" (cleaned up)).  Defendant's main office is in
3  South Dakota, (*see* Dkt. No. 22 at 3–9),[2] and therefore it is a citizen only of South Dakota.  *See*
4  *also Rouse*, 747 F.3d at 715 ("Wells Fargo is a citizen only of South Dakota.").

Finally, Plaintiff does not contest that the amount in controversy is satisfied.  *See* 28
U.S.C. § 1332(a).  The complaint does not demand a dollar amount, (*see* Dkt. No. 1 at 16), but
estimates that the property for which it seeks to quiet title is worth $975,000, (*id.* at 13 ¶ 11).
Thus, the value of "the object in litigation" exceeds the $75,000 minimum amount in controversy.
*Chapman v. Deutsche Bank Nat'l Tr. Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011).

Because the parties are diverse and the required amount in controversy is met, the Court
has federal subject matter jurisdiction.  28 U.S.C. § 1332.  Plaintiff's motion to remand is
DENIED.  (Dkt. No. 18.)

## II.  Motion to Dismiss

Defendant moves to dismiss on the grounds that Plaintiff's claims are barred by *res judicata* or otherwise fail as a matter of law.  "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'"  *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).  Plaintiff's predecessor, Mr. Singh, filed five other suits against Defendant related to this property.  (*See* Case No. 18-cv-07376, Dkt. No. 13 at 3–5); *see also In re Singh*, No. NC–17–1217–FBTa, 2018 WL 2671444, at *1–3 (B.A.P. 9th Cir. June 5, 2018) (describing procedural history).  Defendant filed two unlawful detainer actions against Plaintiff in state court.  The lawsuits are described below.

- Plaintiff's October 2011 suit brought six causes of action related to Defendant's handling of the 2006 loan.  *See Singh v. Wells Fargo Bank N.A.*, No. C 11–5485 PJH, 2012 WL 294663 (N.D. Cal. Jan. 31, 2012).  It resolved after the court dismissed with prejudice

---

[2] The Court takes judicial notice of Defendant's articles of association as a matter of public record. (*See* Dkt. No. 22); *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that judicial notice is appropriate for "undisputed matters of public record, including documents on file in federal or state courts" (citation omitted)).

3

1   Plaintiff's claim for quiet title and Plaintiff voluntarily dismissed the remaining claims.
2   (*See* Case No. 18-cv-07376, Dkt. No. 13 at 3.)

- In July 2012, there was a foreclosure sale on the property and Defendant purportedly took ownership. In an attempt to take possession, Defendant filed an unlawful detainer action against Plaintiff. *See In re Singh*, 2018 WL 2671444, at *2. In June 2013, a jury found that the 2012 sale was improper. *See id.* at *2, *4; (*see also* Case No. 18-cv-07376-JSC, Dkt. No. 13 at 4 n.7).

- Plaintiff's December 2012 suit brought seven causes of action related to the 2006 loan. *See Singh v. Wells Fargo Bank*, No. C–12–06566 EDL, 2013 WL 1787157 (N.D. Cal. Mar. 8, 2013), *report and recommendation adopted*, 2013 WL 1787156 (Apr. 25, 2013). It resolved in dismissal without leave to amend, which was affirmed by the Ninth Circuit. *Singh v. Wells Fargo Bank, NA*, 671 F. App'x 973 (9th Cir. 2016).

- Plaintiff's March 2015 suit challenged Defendant's attempt to resume the foreclosure process, arguing that the unlawful detainer verdict in Plaintiff's favor meant that Defendant could never foreclose. *See In re Singh*, 2018 WL 2671444, at *2. The suit resolved in voluntary dismissal. (*See* Case No. 18-cv-07376-JSC, Dkt. No. 13 at 3–4.)

- Plaintiff's April 2016 suit, an adversary complaint in bankruptcy court, again alleged that the unlawful detainer verdict prevented Defendant from foreclosing. *See In re Singh*, 2018 WL 2671444, at *2. The bankruptcy court "held that claim preclusion applied to all of the causes of action except the quiet title claim, because the [December 2012 suit] was fully adjudicated adversely to the Plaintiff by both the District Court and the [Ninth Circuit] and contained claims based on the same underlying facts." *Id.* at *3 (cleaned up). The bankruptcy court also held that the two-dismissal rule "barred relitigation of the claims previously asserted (and dismissed)" in the October 2011 and March 2015 suits. *Id.* Finally, the bankruptcy court held that all of Plaintiff's claims, including the quiet title claim, otherwise failed as a matter of law. *Id.* The suit resolved in dismissal with prejudice, which was affirmed by the Ninth Circuit Bankruptcy Appellate Panel. *See id.* at *4–8.

- Plaintiff's December 2018 suit brought "causes of action related to the same underlying loan and alleged conduct as the previous conduct or involving conduct that could have been challenged in previous actions." (Case No. 18-cv-7376-JSC, Dkt. Nos. 13.) It resolved in dismissal without leave to amend because the claims were barred by claim preclusion and the two-dismissal rule. (Case No. 18-cv-7376-JSC, Dkt. No. 19.)
- After the December 2018 foreclosure sale, Defendant again tried to take possession by filing an unlawful detainer action against Plaintiff in April 2019. (*See* Dkt. No. 13 at 200–12.)[3] The state court granted summary judgment to Defendant, which was affirmed by the state court of appeal in March 2022. (*See id.* at 214–23.) The judgment reflected that Defendant purchased the property at a non-judicial foreclosure sale on December 12, 2018; perfected title by recording the Notice of Trustee's Deed Upon Sale on December 19, 2018; served Plaintiff with a three-day notice to quit; and that Plaintiff remained in possession. (*See id.* at 223.)

Here, the Court must consider the preclusive effect of federal court judgments based on diversity (e.g., Plaintiff's suits filed in state court and removed to federal court on the basis of diversity) and state court judgments (e.g., Defendant's unlawful detainer actions against Plaintiff in state court). "The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor*, 553 U.S. at 891. For federal court judgments in diversity cases, federal common law "incorporates the rules of preclusion applied by the State in which the rendering court sits." *Id.* at 891 n.4. The preclusive effect of a state court judgment is determined by that state's law. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). Accordingly, the Court applies California's law of preclusion, which substantially echoes the federal counterpart. *See In re Singh*, 2018 WL 2671444, at *5–6 (applying California law of preclusion).

---

[3] The Court takes judicial notice of the 2019 unlawful detainer action orders. (*See* Dkt. No. 13); *Harris*, 682 F.3d at 1132; *Bennet v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) (recognizing that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

5

### A. Claim Preclusion

Claim preclusion "bar claims that were, or should have been, advanced in a previous suit involving the same parties," "prevent[ing] relitigation of entire causes of action." *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 386 (Cal. 2015); *Samara v. Matar*, 419 P.3d 924, 926 (Cal. 2018). It "applies only when a second suit involves (1) the same cause of action (2) between the same parties or their privies (3) after a final judgment on the merits in the first suit." *Samara*, 419 P.3d at 926 (cleaned up); *see Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (noting federal elements are "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties"). Here, there is no dispute that Plaintiff (through its predecessor Mr. Singh) and Defendant were named in Plaintiff's previous suits.

"California courts employ the 'primary rights theory' to determine if two actions constitute a single cause of action." *In re Singh*, 2018 WL 2671444, at *5.

> A cause of action under the primary rights theory considers the broader question of the injury or harm suffered. The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action. Therefore, if an action involves the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit, the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.

*Id.* (cleaned up); *see Owens*, 244 F.3d at 714 (noting, under federal law, that "[t]he central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts" (cleaned up)).

Central to Plaintiff's current complaint is the allegation that the December 12, 2018 foreclosure sale was invalid. That question was not and could not have been litigated or decided in any of Plaintiff's previous suits because the latest was filed on December 7, 2018. (*See* Case No. 18-cv-7376-JSC, Dkt. No. 1.) The 2018 sale is a "significant factual distinction that affects the application of claim preclusion," analogous to the unlawful detainer verdict that changed the operative nucleus of facts between Plaintiff's December 2012 suit and the April 2016 adversary complaint in bankruptcy court. *In re Singh*, No. 15-40917 (WJL), 2017 WL 2859754, at *5

6

(Bankr. N.D. Cal. July 3, 2017), *aff'd*, 2018 WL 2671444, at *5–6. As the bankruptcy court concluded: "Therefore, any cause of action that relies on facts surrounding the [unlawful detainer verdict] would not be barred by the doctrine of claim preclusion because it does not rely on the same operative nucleus of facts." *Id.* Here, any cause of action that relies on facts surrounding the 2018 sale would not be barred by claim preclusion because it could not have been litigated in Plaintiff's previous suits. *Cf. In re Singh*, 2018 WL 2671444, at *7 n.7 ("[T]here is no reason to allow Mr. Singh to file an amended complaint based on his fear that Wells Fargo might err again. . . . If Wells Fargo manages to get a new foreclosure off the ground, Mr. Singh could assert any proper challenges to that foreclosure at an appropriate time and in an appropriate forum.").

Only Plaintiff's claim for quiet title relies on facts surrounding the 2018 sale. That claim alleges the sale was invalid and did not transfer title to Defendant. (Dkt. No. 1 at 11–13 ¶¶ 1–13.) Therefore, the quiet title claim is not barred by claim preclusion. (However, it is barred by issue preclusion, as explained below.)

Plaintiff's claims for breach of secured promissory note and breach of the implied covenant of good faith and fair dealing do not rely on facts surrounding the 2018 sale. (*Id.* at 13–14 ¶¶ 15–16, 20–21.) Instead, they rely on facts predating the 2018 sale because Plaintiff alleges the breaches caused the later sale to be invalid. These claims are barred by claim preclusion because they assert the same primary rights as previous cases, arising from the terms of Plaintiff's 2006 loan and Defendant's handling of the loan thereafter. They could have been brought in the December 2012 suit, which rested on "the processing and servicing of Plaintiff's loan." *Singh*, 2013 WL 1787157, at *4; *see also In re Singh*, 2017 WL 2859754, at *5 ("In the same vein that [the magistrate judge] found that the operative facts in the [December 2012 suit] revolved around 'the processing and servicing of Plaintiff's loan,' the Court finds that the operative nucleus of facts being alleged in [eight] causes of action plead in the [complaint] are effectively the same as they were in the [December 2012 suit]."). They could also have been brought in the 2016 suit. *See In re Singh*, 2018 WL 2671444, at *4 n.3 (noting, in affirming dismissal of 2016 suit: "Mr. Singh argues that Wells Fargo could not foreclose because it violated the conditions precedent to a foreclosure under the deed of trust. It is not clear that he made this argument in the bankruptcy

court; if he did not, the argument is waived. But even if he did, he does not explain this argument. He cites a lengthy paragraph purportedly from the deed of trust but does not state how Wells Fargo allegedly violated it. We can discern no error based on this argument."). Both the December 2012 and April 2016 suits resolved in a final judgment on the merits. *Singh*, 671 F. App'x at 973 (affirming dismissal of December 2012 suit for failure to state a claim under Rule 12(b)(6)); *In re Singh*, 2018 WL 2671444, at *9 (affirming dismissal of April 2016 suit with prejudice); *see Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) ("[A] dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies."); *see also In re Singh*, 2017 WL 2859754, at *4 (concluding same).

Accordingly, Plaintiff's claims for breach of secured promissory note and breach of the implied covenant of good faith and fair dealing are barred by claim preclusion.

### B. Issue Preclusion

In contrast to claim preclusion, issue preclusion prevents "relitigation of previously decided issues." *Samara*, 419 P.3d at 926. It applies "only (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." *Id.* (cleaned up); *see Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988) (noting, under federal law, that issue preclusion "prevents relitigation of all issues of fact or law that were actually litigated and necessarily decided in a prior proceeding" (cleaned up)).

Plaintiff's quiet title claim was actually litigated and necessarily decided in the 2019 unlawful detainer action—a final adjudication against Plaintiff. "[O]rdinary" unlawful detainer actions are "limited to resolution of the question of possession" and "given limited res judicata effect." *Malkoskie v. Option One Mortg. Corp.*, 115 Cal. Rptr. 3d 821, 825 (Cal. Ct. App. 2010). "However, a qualified exception to the rule that title cannot be tried in unlawful detainer is contained in Code of Civil Procedure section 1161a, which extends the summary eviction remedy beyond the conventional landlord-tenant relationship to include certain purchasers of property." *Id.* (cleaned up). Thus, "subsequent fraud or quiet title suits founded upon allegations of irregularity in a trustee's sale are barred by the prior unlawful detainer judgment." *Id.*

8

1    Defendant brought the 2019 unlawful detainer action under Section 1161a.  (Dkt. No. 13 at
2    201 ¶ 5, 202 ¶ 8.)  Defendant "expressly alleged . . . the specific facts it contended established it
3    had perfected legal title to the property, including that the foreclosure sale was conducted in
4    accordance with Civil Code section 2924."  *Malkoskie*, 115 Cal. Rptr. 3d at 826; (*see* Dkt. No. 13
5    at 200 ¶ 1).  "The conduct of the sale and the validity of the resulting transfer of title . . . were
6    therefore directly in issue," and "it was proper for limited issues pertaining to the validity of title
7    obtained . . . in the sale to be raised and conclusively resolved."  *Malkoskie*, 115 Cal. Rptr. 3d at
8    826; *see id.* at 825 n.4 (noting that issue preclusion "is the more accurate term to use on these
9    facts").  The action resulted in a judgment that Defendant had title because it bought the property
10   at the properly conducted 2018 foreclosure sale and perfected title by recording notice.  (Dkt. No.
11   13 at 214–23.)  Thus, the issue of who owned title after the 2018 foreclosure sale has already been
12   decided.

13   Additionally, Plaintiff's complaint states:

> [Defendant] failed to include rebuttal evidence at the summary judgment motion in the unlawful detainer matter regarding the conduct of the trustee's sale even though it was in its power to do so under California Evidence Code Section 412.  Defendant['s] lack of evidence on this issue should be looked upon with distrust by the court.

18   (Dkt. No. 1 at 15–16.)  This is an implicit admission that the quiet title claim seeks to relitigate
19   issues decided in the unlawful detainer action.

20   Accordingly, Plaintiff's quiet title claim is barred by issue preclusion.

21   **C.    Declaratory Relief Claim**

22   Plaintiff's fourth cause of action is styled "declaratory relief."  (Dkt. No. 1 at 15.)  It
23   requests that the Court "make a determination of the validity of the trustee's sale and [] issue a
24   ruling on who is the lawful owner of the real property."  (*Id.* at 16 ¶ 28.)  Declaratory relief is a
25   form of relief, not a substantive claim or cause of action.  Because Plaintiff's other three claims
26   fail as a matter of law, there is no basis for declaratory relief.  *See Flores v. EMC Mortg. Co.*, 997
27   F. Supp. 2d 1088, 1111–12 (E.D. Cal. 2014) ("The [federal Declaratory Judgment Act's] operation
28   is procedural only.  A declaratory judgment is not a theory of recovery." (cleaned up)); 28 U.S.C.

9

§ 2201(a) (requiring "a case of actual controversy"). Accordingly, the declaratory relief claim must be dismissed as well.

## CONCLUSION

Plaintiff's claims for breach of secured promissory note and breach of the implied covenant of good faith and fair dealing are barred by claim preclusion. The claim for quiet title is barred by issue preclusion and there is no remaining basis for the declaratory relief claim.

Defendant's motion to dismiss is GRANTED; Plaintiff's motion to remand is DENIED. The dismissal is without leave to amend because Plaintiff's claims fail as a matter of law, and therefore amendment would be futile. *See Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017).

This Order disposes of Docket Nos. 12, 18.

**IT IS SO ORDERED.**

Dated: May 9, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge